IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARY GANLEY,

                  Plaintiff,

v.

COUNTY OF SAN MATEO,

                  Defendant.

NO. C06-3923 TEH

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE

**I. INTRODUCTION**

This matter came before the Court on March 12, 2007, for hearing on Plaintiff's Motion to Strike Defendant's twenty-two affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Having carefully considered the parties' written and oral arguments, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for the reasons stated in this order.

**II. BACKGROUND**

Plaintiff Mary Ganley filed a complaint in this Court on June 23, 2006, bringing a single claim under 42 U.S.C. § 1983. The complaint alleges that Defendant County of San Mateo removed her from her position as a correctional officer, a position for which she had achieved permanent status, without pre-removal due process. Plaintiff alleges that this removal constituted a violation of her Fourteenth Amendment rights. Specifically, Plaintiff alleges that she was deprived of her property interest in her permanent public employment without due process of law. Plaintiff also alleges that this removal denied her of her property interest in the employment and retirement benefits codified at California Government Code § 31721 and California Labor Code § 4850 without pre-removal due process. Based on these

alleged violations, Plaintiff seeks compensatory damages, as well as attorney's fees pursuant to 42 U.S.C. § 1988.

Defendant filed an answer with the Court on August 18, 2006, denying the allegations in the complaint. The answer also averred twenty-two affirmative defenses. On September 7, 2006, Plaintiff filed a motion to strike each of the twenty-two affirmative defenses. Upon the stipulation of the parties, this Court stayed the proceedings on October 5, 2006 pending the outcome of a settlement conference. That settlement conference was held on January 5, 2007, and the case did not settle. The Court then filed an order for pretrial preparation on January 22, 2007. On the same day, Plaintiff re-noticed her motion to strike Defendant's twenty-two affirmative defenses.

## III. LEGAL STANDARD

Motions to strike are generally regarded with disfavor, but they are proper when a defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); Fed. R. Civ. P. 12(f). To determine that a defense is insufficient as a matter of law, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *E.E.O.C. v. Interstate Hotels, LLC*, No. C 04-04092, 2005 WL 885604, at *1 (N.D. Cal. Apr. 14, 2005); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1999).

Any part of a pleading may be stricken if it is immaterial. An "immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Therefore, if the affirmative defense pleaded has no relation to the asserted claim for relief, it may be stricken as immaterial.

In the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action. *See id.* at 1528; *Sidney-Vinstein v. A.H.*

*Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *California v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). Moreover, granting a motion to strike affirmative defenses will not prejudice a party since leave to amend pleadings is freely granted as justice requires. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

      The notice pleading standard in the federal courts requires that an "Answer provide Plaintiffs with 'fair notice of the defense' in order to be procedurally sufficient." *Smith v. Wal-Mart Stores*, No. C 06-2069, 2006 WL 2711468, at *9 (N.D. Cal. Sept. 20, 2006) (quoting *Wyshack v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979)); Fed. R. Civ. P. 8(c). While in some cases, merely naming a particular defense will be sufficient to satisfy the notice pleading standard, other affirmative defenses require greater specificity, including additional factual allegations, in order to be properly pleaded. *Smith*, 2006 WL 2711468, at *8; *compare Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050 (N.D. Cal. 2004) (striking affirmative defenses of waiver, estoppel and unclean hands for failure to allege factual basis) *and Sun Microsystems, Inc. v. Datram Corp.*, No. CIV. 96-20708 SW, 1997 WL 50272, at *4 (N.D. Cal. Feb. 4, 1997) (holding that a plaintiff must plead each element of estoppel to survive a motion to strike) *with SecuriMetrics, Inc. v. Hartford Cas. Ins. Co.*, No. C 05-000917 CW, 2005 WL 2463749, at *6 (N.D. Cal. Oct. 4, 2005) (denying motion to strike defense of third party where "Plaintiff does not establish that a third party's acts or omission could not possibly have contributed to Plaintiff's alleged losses") *and Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073, at *8 (N.D. Ill. Mar. 31, 2003) (denying motion to strike waiver defense because it depended on questions of fact). The key to the sufficiency of a defense is notice: if, in naming a defense, Plaintiff is put on notice of Defendant's intent to pursue such a defense, it is sufficiently pleaded. However, the mere assertion of a broad category of legal theories, such as estoppel, with numerous possible applications requires additional specificity to satisfy the notice pleading standard.

## IV. DISCUSSION

Plaintiff argues that each of the twenty-two affirmative defenses raised in the answer should be stricken as they contain bare-bones conclusory allegations that merely name a legal theory. Mot. at 4. Plaintiff argues that these defenses should be stricken to avoid the expenditure of time and money that would result from litigation on their merits. *Id*. Plaintiff correctly asserts that Defendant's affirmative defenses contain neither additional factual allegations nor the specific elements of any defense. *Id.*

In response to Plaintiff's motion to strike, Defendant submitted a three-page opposition. First, Defendant states that "neither Defendant nor Plaintiff can be sure which affirmative defenses may or may not be proven." Opp'n at 1. Defendant then casts doubt on the validity of Plaintiff's motion for failing to cite Ninth Circuit authority, but supports this position only with its own out-of-circuit authority, a one-page block quote from the Eastern District of New York. *Id.* at 2. The cited case generally supports the proposition that Rule 12(f) motions are disfavored. The holding also states that a 12(f) motion to strike affirmative defense should only be granted if there is no question of law or fact that might allow the defense to succeed and that the plaintiff would be prejudiced by the inclusion of the defense. *E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004). Notably, Defendant's opposition failed to mention with specificity or further elaborate on any individual affirmative defense.

At oral argument, Defendant explained that the affirmative defenses were pleaded in anticipation of additional claims that have not yet been made – for example, a claim under state law for violation of California Government Code § 4850, or a claim against an individual County employee – so as not to waive the defenses if those claims are presented later. However, it is improper to plead affirmative defenses that do not relate to the subject matter of the claim. Fed. R. Civ. P. 8(c), 11. The sufficiency of an affirmative defense depends on the claims that have actually been pleaded. Should Plaintiff amend her complaint to state additional claims, Defendant will be permitted to amend the answer as justice requires to address those claims with appropriate defenses. Fed. R. Civ. P. 15(a). By

4

including affirmative defenses which are neither warranted by existing law nor supported by evidence, counsel may find himself subject to sanctions under Rule 11. *See* Fed. R. Civ. P. 11(b), (c). The Court will therefore address the sufficiency of each affirmative defense in turn, keeping in mind the claims stated in the complaint, as well as the notice pleading standard in federal court.

**First Affirmative Defense: Failure to State a Claim**

Plaintiff's Motion to Strike Defendant's First Affirmative Defense for Failure to State a Claim is hereby GRANTED. To state a claim under § 1983, the Plaintiff must allege (1) that the Defendant denied her a right secured by the Constitution and laws of the United States; and (2) that the Defendant denied her that right under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); 42 U.S.C. § 1983.

Here, Plaintiff has alleged that Defendant County of San Mateo denied her a property right without pre-removal due process in violation of the Fourteenth Amendment. Compl. ¶ 1. Plaintiff also avers that this removal was due to the "customs, practices, and policies of Defendant" County of San Mateo, thereby alleging that the conduct was under color of state law. *Id.* ¶ 9. Having alleged each element of the claim for relief, Plaintiff properly pleaded a prima facie cause of action under § 1983. Therefore, the first affirmative defense is stricken as insufficient as a matter of law.

**Second Affirmative Defense: Plaintiff at Fault**

Plaintiff's Motion to Strike Defendant's Second Affirmative Defense that Plaintiff is at Fault is hereby DENIED. No federal case law has addressed the issue of the level of specificity an affirmative defense of "plaintiff at fault" must have to survive a motion to strike. Plaintiff argues that she "does not have the authority to deprive herself of her own due process." Mot. at 5. However, this case remains in the early stages of discovery, with the discovery cut-off set for October 27, 2007, and Defendant may prove a set of facts indicating that the Plaintiff contributed to her own failure to obtain or participate in due process hearings. Given the disfavored status of motions to strike and the liberal notice

5

pleading standards of the federal courts, the Court finds that has Defendant sufficiently put Plaintiff on notice. Therefore, Plaintiff's motion is denied with respect to the second affirmative defense.

### Third Affirmative Defense: Third Parties

Plaintiff's Motion to Strike Defendant's Third Affirmative Defense for Third Parties is hereby DENIED. As with the second affirmative defense, Plaintiff has been put on notice of the defense, and it is possible that Defendant may, through discovery, encounter the factual basis for this defense. Plaintiff has not demonstrated that Defendant will be unable to prove a set of facts by which third parties were responsible for some or all of the harm suffered by Plaintiff. Therefore, Plaintiff's motion to strike Defendant's third affirmative defense is denied.

### Fourth Affirmative Defense: Tort Claims Act

Plaintiff's Motion to Strike Defendant's Fourth Affirmative Defense for Failure to Comply with the Tort Claims Act is hereby GRANTED. Plaintiff has not brought any state law claims. At oral argument, Defendant's counsel argued that Plaintiff should have pleaded the cause of action under a different legal theory and against other defendants. However, plaintiffs are permitted to plead as they see fit, and affirmative defenses must address only the claims pleaded in the complaint. Here, Plaintiff has filed a § 1983 action alleging that she was deprived of a property interest without due process of law. As the Supreme Court held in *Felder v. Casey*, 487 U.S. 131, 150 (1988), state claims-presentation requirements do not apply to federal civil rights actions. The California Supreme Court also held that state claims presentation requirements under California Government Code § 911.2 do not apply because "California may not impair federally created rights or impose conditions upon them." *Williams v. Horvath*, 16 Cal.3d 834, 840 (1976) (quoting *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969)). As such, the Tort Claims Act does not create a bar to Plaintiff's § 1983 action. Therefore, Defendant's Fourth Affirmative defense is immaterial and insufficient as a matter of law.

6

**Fifth Affirmative Defense: State Law Immunities**

Plaintiff's Motion to Strike Defendant's Fifth Affirmative Defense of State Law Immunities is hereby GRANTED. "[C]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise." *Martinez v. California*, 444 U.S. 277, 284 n.8 (1980). California state immunity laws cannot provide a defense to a § 1983 action. Therefore, because Plaintiff did not raise any state law claims, this defense is anticipatory and improperly pleaded. For this reason, the fifth affirmative defense is stricken as insufficient as a matter of law.

**Sixth Affirmative Defense: Qualified Immunity**

Plaintiff's Motion to Strike Defendant's Sixth Affirmative Defense of Qualified Immunity is hereby GRANTED. The doctrine of qualified immunity provides immunity for government officials acting in their official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Here, however, Plaintiff names only the County of San Mateo as a Defendant. Because Plaintiff does not name any individual defendants, the doctrine of qualified immunity simply does not apply to this action. Therefore, the sixth affirmative defense of qualified immunity is anticipatory of potential future claims, but is immaterial and insufficient as a matter of law with respect to the claims pleaded in the complaint.

**Seventh Affirmative Defense: Unclean Hands**

Plaintiff's Motion to Strike Defendant's Seventh Affirmative Defense for Unclean Hands is hereby DENIED. The doctrine of unclean hands generally applies to prevent a party from obtaining equitable relief and profiting from their own misconduct. The defense "closes the doors of equity" to a party who has acted in bad faith relative to the matter before the court. *Graphics Sciences, Inc. v. International Mogul Mines Ltd.*, 397 F. Supp. 112, 127 (D.D.C. 1974). Plaintiff argues that this defense is improper because the Supreme Court has held that the doctrine "does not apply where Congress authorizes broad equitable relief to

7

serve important national policies." *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 361 (1995).

While the Supreme Court refused to apply the doctrine of unclean hands in the context of a suit under the Age Discrimination in Employment Act, no available case law exists to suggest that the defense is inapplicable in the context of § 1983 actions. *See id.* Although § 1983 is a statute intended to allow parties to seek redress for constitutional violations, it is conceivable that the doctrine could be applied in the instant case. It is possible, for example, that Defendant may prove a set of facts in which Plaintiff acted in bad faith with regard to due process hearings. Without controlling or persuasive precedent to the contrary, the Court therefore finds it prudent to deny Plaintiff's motion to strike the defense of unclean hands.

**Eighth Affirmative Defense: Res Judicata / Collateral Estoppel**

Plaintiff's Motion to Strike Defendant's Eighth Affirmative Defense for Res Judicata and Collateral Estoppel is hereby GRANTED. Under 28 U.S.C. § 1738, Federal courts are required to give full faith and credit to state court judgments. However, neither Plaintiff nor Defendant has alleged that any prior judicial proceeding has occurred with respect to these claims which would carry preclusive effect. Therefore, these defenses are insufficient as a matter of law.

**Ninth Affirmative Defense: Estoppel**

Plaintiff's Motion to Strike Defendant's Ninth Affirmative Defense of Estoppel is hereby GRANTED. The Ninth Circuit has upheld the affirmative defense of equitable estoppel where the defendant had "allege[d] all the elements." *Allen v. A.H. Robbins Co., Inc.*, 752 F.2d 1365, 1371 n.3 (9th Cir. 1985). By contrast, in the Northern District of California, Judge James Ware has previously stricken the affirmative defense of estoppel where the Defendant has "not provide[d] any factual basis for its . . . affirmative defense[]." *Qarbon.com Inc.*, 315 F. Supp. 2d at 1050. Here, Defendant has neither alleged any facts that would support a defense of estoppel, nor alleged individual elements which would indicate which theory of estoppel is being asserted. Defendant merely pleaded a bare-bones conclusion which is insufficient as a matter of law. However, this defense may be viable if

8

pleaded in a manner sufficient to put Plaintiff on notice of the theory advanced and the facts on which it relies.

### Tenth Affirmative Defense: Waiver

Plaintiff's Motion to Strike Defendant's Tenth Affirmative Defense of Waiver is hereby DENIED. A defense of "[w]aiver focuses on intent. If an individual intentionally relinquishes a known right, either expressly or by conduct inconsistent with an intent to enforce that right, he has waived it." *In re K-Mart*, 318 B.R. 409, 416 (N.D. Ill. 2004).

Some courts have taken the approach that pleading an affirmative defense of waiver "requires an adequate recitation of facts; conclusions do not suffice." *See, e.g., Weber Shandwick Worldwide v. Reid*, No. 05 C 709, 2005 WL 1651030, at *6 (N.D. Ill. May 12, 2005). Applying that approach here would require that the Court strike the affirmative defense, as Defendant has not alleged any additional facts to support a defense of waiver.

However, the more prevalent approach is to broadly construe the notice pleading standard under the Federal Rules of Civil Procedure. Under this approach, the question is merely whether the pleading provides the plaintiff with sufficient notice of the defense. *See, e.g., Bd. of Educ. of Thornton Tp. High Sch. Dist. 205 v. Bd. of Educ. of Argo Comm. High Sch. Dist. 217*, No. 06 C 2005, 2006 WL 2460590, at *3 (N.D. Ill. Aug. 21, 2006); *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073, at *8 (N.D. Ill. Mar. 31, 2003). Here, Defendant alleges that Plaintiff "waived any right she may have had to the amounts claimed." Answer at 4. This is sufficient to put the Plaintiff on notice that Defendant intends to prove a defense of waiver, and Plaintiff has failed to demonstrate that Defendant will be unable to prove a set of facts to support this defense. Therefore, the tenth affirmative defense is sufficient as a matter of law.

### Eleventh Affirmative Defense: Mitigation

Plaintiff's Motion to Strike Defendant's Eleventh Affirmative Defense of Mitigation is hereby DENIED. Defendant alleges that the Plaintiff "failed to mitigate any or all of the damages alleged in the Complaint, and is thereby precluded from recovering those damages."

9

Answer at 4. Plaintiff argues that the Defendant "fails to allege potential mitigation opportunities available to Plaintiff." Mot. at 8.

Although no case law from this district or circuit is available, several courts have held that "where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts." *AAR Intern., Inc. v. Vacances Heliades S.A.*, 202 F. Supp. 2d 788, 800 (N.D. Ill. 2002) (quoting *Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568, 570 (N.D. Ill. 1999)); *Gorwin v. Local 282, I.B.T.*, 838 F. Supp. 116, 123 (S.D.N.Y. 1993). This reasoning is persuasive here because discovery has just begun, Plaintiff has been put on notice of the defense, and the possibility remains that additional facts may be alleged that would support the affirmative defense of mitigation. Therefore, the defense may be supported by additional, as of yet undiscovered facts, and will not be stricken.

**Twelfth Affirmative Defense: Consent**

Plaintiff's Motion to Strike Defendant's Twelfth Affirmative Defense of Consent is hereby DENIED. Defendant alleges that "Plaintiff consented to all acts of the County as alleged in the Complaint, and contributed to the incidents referred to in the Complaint." Answer at 4. Plaintiff contends that Defendant has not provided any factual allegations to support this defense. However, a liberal construction of the pleadings creates a question of fact as to whether Plaintiff did, in fact, consent to the County's actions. Therefore, the motion to strike is denied because Plaintiff has sufficiently been put on notice of the defense.

**Thirteenth Affirmative Defense: Eleventh Amendment**

Plaintiff's Motion to Strike Defendant's Thirteenth Affirmative Defense of Eleventh Amendment Immunity is hereby GRANTED. Defendant alleges that the action against the County is barred by the Eleventh Amendment to the Constitution. This raises the question of whether a county is considered a state entity entitled to immunity. The Supreme Court has held that while States are protected by the Eleventh Amendment, municipalities are not. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 n.54 (1978); *Will*, 491 U.S. at 70. The Supreme Court has also "consistently refused to construe the [Eleventh] Amendment to afford protection to political subdivisions such as counties and municipalities." *Lake County*

10

*Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 401 (1979).  As the complaint currently stands, the Eleventh Amendment defense is immaterial and merely anticipatory of potential future claims because the County of San Mateo is not a "State" under the Eleventh Amendment.  Thus, this defense is insufficient as a matter of law.

**Fourteenth Affirmative Defense: Failure to Exhaust Administrative Remedies**

Plaintiff's Motion to Strike Defendant's Fourteenth Affirmative Defense for Failure to Exhaust Administrative Remedies is hereby GRANTED.  Defendant alleges that Plaintiff failed to exhaust her mandatory administrative remedies.  However, in *Patsy v. Board of Regents*, the Supreme Court held that exhaustion of state remedies is not a prerequisite to bringing a § 1983 action.  457 U.S. 496, 500-01 (1982).  Therefore, this defense is insufficient as a matter of law.

**Fifteenth Affirmative Defense: Statute of Limitations and Laches**

Plaintiff's Motion to Strike Defendant's Fifteenth Affirmative Defense of Statute of Limitations and Laches is hereby GRANTED.  Defendant alleges that the action is barred by the statute of limitations and/or the doctrine of laches.  Answer at 5.  To simplify and provide uniformity to § 1983 actions, courts must apply the state personal injury statute of limitations.  *Wilson v. Garcia*, 471 U.S. 261, 272 (1938).  Where a state has multiple personal injury statutes of limitation, the general residual statute of limitations should apply.  *Owens v. Okur* 488 U.S. 235, 250 (1989).

The California Code of Civil Procedure requires Plaintiffs to commence personal injury actions within two years of the accrual of the cause of action.  Cal. Code Civ. P. § 335.1.  The complaint, filed on June 23, 2006, states that Plaintiff was removed from her position of public employment on June 24, 2005.  Compl. ¶ 7.  Plaintiff thus commenced the action less than one year after the alleged conduct giving rise to the cause of action, well within the two year period required by California law.  Therefore, Defendant's Fifteenth Affirmative Defense that the action is barred by the statute of limitations is insufficient as a matter of law.

11

The affirmative defense of laches requires a showing of both inexcusable delay and undue prejudice; a finding of laches cannot rest simply on the length of the delay. *See Daingerfield Island Protective Soc. v. Lujan*, (D.C. Cir. 1990). Here, the Answer has alleged neither inexcusable delay nor undue prejudice. Moreover, from the face of the complaint, it does not appear that there was undue delay resulting in prejudice because the action was commenced within one year of the alleged constitutional violation. Therefore, the doctrine of laches does not apply, and this defense is insufficient as a matter of law.

**Sixteenth and Eighteenth Affirmative Defenses: Exclusive Remedy and Negligence**

The Plaintiff's Motion to Strike Defendant's Sixteenth and Eighteenth Affirmative Defenses of Exclusive Remedy and Negligence is hereby DENIED. In *Parratt v. Taylor*, 451 U.S. 527 (1981), the Supreme Court held that § 1983 actions for procedural due process violations of a property interest were not appropriate if there was an alternative remedy available under state tort law. This reasoning was based on the nature of the alleged violation, and the impossibility of having a pre-deprivation hearing for most tort actions. This holding was partially overruled by *Daniels v. Williams*, to the extent that *Parratt* allowed § 1983 actions based on the negligent actions of officials. 474 U.S. 327 (1986). The Court found that allowing § 1983 actions for negligent due process violations would be improper because, "[f]ar from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person." *Daniels*, 474 U.S. at 332. Therefore, mere negligence does not trigger the protections of the Fourteenth Amendment. *Id.*

Here, if Defendant can prove that the deprivation of Plaintiff's property interest was due to mere negligence on the part of County officials, then the § 1983 action cannot be maintained, and Plaintiff's exclusive remedy will be through state law. Merely negligent official actions under color of state law do not trigger the protections of the Fourteenth Amendment. Therefore, the affirmative defenses of negligence and exclusive remedy are not insufficient as a matter of law.

12

**Seventeenth Affirmative Defense: Subject Matter Jurisdiction**

Plaintiff's Motion to Strike Defendant's Seventeenth Affirmative Defense of Subject Matter Jurisdiction is hereby GRANTED. Defendant argues that Plaintiff should have filed state law causes of action over which this Court would not have subject matter jurisdiction. However, Plaintiff has chosen to file a cause of action under § 1983, a federal statute. District courts have original jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. Because § 1983 is one such law, the defense of subject matter jurisdiction is insufficient as a matter of law.

**Nineteenth Affirmative Defense: Assumption of the Risk**

Plaintiff's Motion to Strike Defendant's Nineteenth Affirmative Defense for Assumption of the Risk is hereby GRANTED. A defense of assumption of the risk applies to tort actions where the Plaintiff knowingly acted to engage in dangerous behavior. However, this is not a tort action but rather a § 1983 action to enforce constitutional rights. In *Quintana v. Baca*, the court held that assumption of the risk could be a valid defense to a § 1983 claim, but struck the defense, holding that it had no application to the facts of the case. 232 F.R.D. 631, 632 (C.D. Cal. 2005). Similarly, the Court strikes the defense here because it is inapplicable to a cause of action involving due process violations, and is therefore insufficient as a matter of law.

**Twentieth Affirmative Defense: Moot**

Plaintiff's Motion to Strike Defendant's Twentieth Affirmative Defense is hereby GRANTED. The Defendant does not allege any basis on which the present controversy has been previously resolved or otherwise settled, or by which the issues are no longer "live." Therefore, this defense is insufficient as a matter of law.

**Twenty-First Affirmative Defense: Respondeat Superior**

At oral argument, Defendant stipulated to striking the Twenty-First Affirmative Defense of Respondeat Superior. Plaintiff's motion to strike this affirmative defense is therefore GRANTED as unopposed.

13

**Twenty-Second Affirmative Defense: Preemption**

Plaintiff's Motion to Strike Defendant's Twenty-Second Affirmative Defense of Preemption is hereby GRANTED. Under the applicable provisions of ERISA, governmental plans are excluded from the application of the Act. 29 U.S.C. §1003(b)(1). Section 1002(32) of ERISA defines a "'governmental plan'" as "a plan established or maintained for its employees by . . . any State or political subdivision thereof." 29 U.S.C. § 1002(32). Here, the County of San Mateo is a political subdivision of the State of California, and the complaint alleges that Defendant denied her the benefits of California Government Code § 31721, which are provided for under the County Employee Retirement Act of 1937. Cal. Gov't Code §§ 31450 et seq. In that Act, the State of California established a plan for the benefit of employees who become incapacitated by age or physical disabilities. Cal. Govt. Code § 31451. This type of plan is expressly excluded from ERISA under § 1002(32), and the federal legislation has no preemptive effect. Therefore, this defense is insufficient as a matter of law.

## V.  CONCLUSION

Plaintiff's Motion to Strike Defendant's twenty-two affirmative defenses is hereby GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to affirmative defenses numbers one, four, five, six, eight, nine, thirteen, fourteen, fifteen, seventeen, nineteen, twenty, twenty-one, and twenty-two. These defenses are STRICKEN WITHOUT PREJUDICE. The motion is hereby DENIED with respect to affirmative defenses numbers two, three, seven, ten, eleven, twelve, sixteen, and eighteen.

**IT IS SO ORDERED.**

Dated:  03/22/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT