IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARY GANLEY,

          Plaintiff,

v.

COUNTY OF SAN MATEO,

          Defendant.

NO. C06-3923 TEH

ORDER GRANTING
IN PART AND DENYING IN
PART PLAINTIFF'S REQUEST
FOR LEAVE TO FILE A
MOTION FOR
RECONSIDERATION

      The Court has reviewed Plaintiff's Motion Requesting Leave to File A Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment, and hereby grants limited leave to file such a motion.

      In her declaration in support of her motion for summary judgment, Plaintiff declared that following the June 21, 2005 meeting, "[I] thought I would be placed on paid disability leave under Labor Code § 4850, but I discovered later that this did not occur." Ganley Decl. ¶ 5. At the hearing on the parties' cross-motions for summary judgment, however, Plaintiffs' counsel stated, *for the first time*, that although Plaintiff's pay stubs clearly stated that she was being paid from accrued sick and vacation time, Plaintiff believed that she had been placed on disability leave under Labor Code § 4850, *because the County's regular practice is to use accumulated leave* and then restore it if the employee's workers' compensation claim is granted.

      This new fact, if supported by evidence, merits further narrow briefing. In its December 20, 2007 Order, the Court found that Plaintiff raised a triable issue of fact as to whether she was placed on involuntary leave or involuntarily deprived of accrued benefits, but that she received all the process she was due – notice at several meetings, an explanation

of why she was being removed from the light duty position, and an opportunity to state her case. Order at 8-17. Plaintiffs' pay stubs provided obvious notice that she was being paid from accrued sick and vacation time after June 21, 2005. The Court also found, as a separate ground for granting summary judgment, that Plaintiff's failure to use any post-deprivation grievance procedures waived any procedural due process claim she may have had. Order at 17-19.

Plaintiff now argues that she received no notice she would lose her accrued benefits. Her new argument – that she thought she was on disability leave – suggests that she *may* be able to raise a triable issue as to whether she had reason to believe that what was reflected in the pay stubs was not a permanent deprivation, and whether she did so believe. If so, then she *may* be able to argue a) that she was not really on notice that the County was using her accrued benefits to pay her; and b) that she therefore had no reason to file a grievance or appeal.

The Court expresses no opinion (and has formed none) about the merits of such an argument, but will grant Plaintiff leave to file a motion for reconsideration relating to this new allegation that she was not on notice that the County was paying her with her accrued vacation and sick time. The motion and opposition thereto may be supported by additional evidence as appropriate.

This grant of leave to file a motion for reconsideration stems from the vagueness, ambiguity, and incompleteness of Plaintiff's first statement that she "thought [she] would be placed on paid disability leave under Labor Code § 4850," but discovered "later" that this "did not occur." While the Court must view evidence in the light most favorable to the nonmoving party on summary judgment, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), Plaintiff is forewarned that she must raise a triable issue of fact to survive summary judgment, and statements that are similarly vague, incomplete, or unsupported by admissible evidence may not suffice to do so.

Next, Plaintiff argues that the Court erred by concluding that no reasonable juror would believe that a former union president did not know she could grieve being sent home

2

1  and having her vacation and sick pay used. Although Plaintiff states in her motion papers
2  that she "did not know she could appeal and involuntary leave or denial of benefits," that
3  statement is nowhere supported by the declaration. Plaintiff will be permitted to submit
4  additional argument and evidence relating to whether she can raise a triable issue of fact
5  about whether she knew she could appeal or grieve the deprivations she claims were made
6  without sufficient due process.

7  Plaintiff's remaining arguments do not merit reconsideration. Plaintiff has not raised
8  a triable issue of fact as to whether she was terminated. She argues that *Civil Service
9  Association v. San Francisco,* 22 Cal.3d 552, 562 (1978) requires that a suspended employee
10 must receive the due process described in *Skelly* either during the suspension or within a
11 reasonable time thereafter. But *Civil Service Commission* (which involved a disciplinary
12 suspension, not an involuntary disability leave) also discusses at length factors that militate
13 in favor of a prompt hearing – such as the need for name-clearing or the "uncertain quality"
14 of a suspension – as opposed to cases where an employee can be made whole by back wages
15 and a prompt hearing is less important. *Id.* at 562-64. Post-deprivation procedures are
16 adequate on the facts here, and *Civil Service Commission* does not change the Court's
17 analysis.

18 Plaintiff misstates the Court's analysis of *Brewster v. Board of Education Lynwood
19 School District*, 149 F.3d 971 (9th Cir. 1998). Plaintiff argues that "*Brewster* does not hold
20 that no process is due for placement on involuntary leave or loss of accrued benefits," but the
21 Court stated only that Plaintiff received the same process found adequate in *Brewster* – "oral
22 or written notice of the charges against [her], an explanation of the employer's evidence, and
23 an opportunity to present [her] side of the story." Order at 17.

24 It is not inconsistent for the Court to find that Plaintiff was not dismissed, yet that she
25 waived her procedural due process claim by failing to avail herself of procedures designed to
26 appeal dismissal or other deprivations. Plaintiff's ability to file an appeal or grievance for a
27 perceived injury does not depend on whether she in fact suffered such an injury.
28

3

1  Finally, Plaintiff tries to distinguish cases cited by the Court which had not been
2  previously cited to by the Defendant by distorting the Court's reliance on those cases. Each
3  is on point. Plaintiff states that "*Armstrong v. Meyers*, 964 F.2d 948, 950-951 (9th Cir.
4  1992) does not hold that an employee waives his right to due process by failing to file a
5  grievance or appeal." But the Court did not cite *Armstrong* for that proposition; instead, the
6  Court cited it for the proposition that post-deprivation multiple step grievance procedures
7  have been held to satisfy an employer's obligation to provide due process. Order at 17.
8  *Zografos v. City and County of San Francisco,* 2006 WL 3699552, *10 (N.D. Cal. 2006)
9  clearly held that the plaintiff in that case had no due process claim because he waived an
10 adequate post-termination hearing and is therefore relevant and persuasive. Similarly,
11 *Correa v. Nampa School Dist.*, 645 F.2d 814, 817 (9th Cir.1981), held that the petitioner
12 waived her due process right to a hearing because she knew of, and chose to forego, the
13 administrative procedures. Moreover, the plaintiff in *Ostlund v. Bobb*, 825 F.2d 1371 (9th
14 Cir. 1987) had not waived his due process rights because, *inter alia*, the "City had
15 established no administrative mechanism through which a hearing could be requested or
16 held." 825 F.2d at 1374. Here, in contrast, there were clearly established grievance
17 procedures which Plaintiff had every reason to be familiar with.
18  Plaintiff argues that both *Correa*, *supra*, and *Bignall v. North Idaho College*, 538 F.2d
19 243, 247 (9th Cir. 1976), involved plaintiffs who waived *pre-deprivation* remedies. Here,
20 the Court found that plaintiff waived post-deprivation remedies. But if a post-deprivation
21 remedy is constitutionally adequate, Plaintiff's failure to avail herself of it should function as
22 a waiver on the same rationale as that of *Correa* and *Bignall*. Plaintiff cannot complain she
23 was denied due process when the Defendant offered her constitutionally adequate process
24 and she declined it.
25 //
26 //
27 //
28 //

//

Plaintiff may file a motion for reconsideration and supporting documentation, solely on the grounds set out above, on or before January 30, 2008. Defendant shall have 14 calendar days to oppose the motion for reconsideration.

**IT IS SO ORDERED.**

Dated: 1/15/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT